1  DENISE M. MINGRONE (STATE BAR NO. 135224)
   dmingrone@orrick.com
2  ANDREW S. ONG (STATE BAR NO. 267889)
   aong@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, California  94025
   Telephone:   +1-650-614-7400
5  Facsimile:   +1-650-614-7401

6  Attorneys for Plaintiff
   SYNOPSYS, INC.
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC., | Case No. 5:16-cv-00596 |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. §§ 1201, *ET SEQ*.** |
| v. | |
| AGATE LOGIC USA, INC. a.k.a. CLOUDCHIP, INC., AGATE LOGIC BEIJING, INC., and DOES 1-10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

1   Plaintiff Synopsys, Inc. ("Synopsys"), by its undersigned counsel, hereby brings this
2   Complaint against Defendants Agate Logic USA, Inc. a.k.a. Cloudchip, Inc. ("Agate Logic
3   USA"), and Agate Logic (Beijing), Inc. ("Agate Logic Beijing") for circumventing technological
4   measures that effectively control access to Synopsys's software, including at least its Design
5   Compiler, HDL Compiler Verilog, DesignWare Library, CustomExplorer, TetraMAX,
6   HSIMplus, HSPICE, Verdi, PrimeTime SI, Synplify Pro and VCS applications, in violation of the
7   Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq*. (the "DMCA").  Synopsys seeks
8   injunctive relief, statutory and/or actual damages, attorneys' fees and costs, an accounting, and
9   any such other relief as the Court may deem proper.  Synopsys alleges the following based on
10  personal knowledge, unless indicated as on information and belief.

**PARTIES**

11
12   1.   Plaintiff Synopsys is a corporation organized and existing under the laws of the
13   State of Delaware, with its principal place of business in Mountain View, California.
14   2.   Defendant Agate Logic USA is a corporation organized and existing under the
15   laws of the State of California, with its principal place of business in Santa Clara, California.
16   3.   Plaintiff is informed and believes that Defendant Agate Logic Beijing is a
17   corporation organized and existing under the laws of China, with its principal place of business in
18   Beijing, China.
19   4.   Plaintiff does not presently know the true names and capacities of the defendants
20   sued herein as Does 1 through 10, inclusive.  Plaintiff will seek leave of court to amend this
21   Complaint to allege said defendants' true names and capacities as soon as Plaintiff ascertains
22   them.

**JURISDICTION AND VENUE**

23
24   5.   This action arises under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201,
25   *et seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331
26   and 1338(a).

27
28

- 1 -    COMPLAINT FOR VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT

6. This Court has personal jurisdiction over Agate Logic USA because its principal place of business lies within the State of California, and because it has conducted and does conduct business within the State of California and the Northern District of California.

7. This Court has personal jurisdiction over Agate Logic Beijing because, on information and belief, it has conducted and does conduct business within the State of California and the Northern District of California.

8. Venue in this district is appropriate under 28 U.S.C. §§ 1391 and 1400 because two of the Defendants have their principal place of business in the State of California, and because a substantial part of the events giving rise to the dispute occurred within this district.

## FACTUAL ALLEGATIONS

9. As modern electronic devices become more and more compact and powerful, they use increasingly sophisticated computer processor chips. For example, a computer chip that powers a modern mobile phone likely contains over one billion transistors. When designing a computer processing chip, the stakes are enormous. Chip designers need software that will ensure that their complex designs will work flawlessly. Accordingly, chip designers require extremely robust and powerful computer software to design and test those chips. Many of the world's biggest and most important chip design companies turn to Synopsys for that software.

10. Since it was founded in 1986, Synopsys has been a leading provider of electronic design automation ("EDA") solutions for the semiconductor industry. EDA generally refers to using computers to design, verify, and simulate the performance of electronic circuits on a chip. For more than 25 years, Synopsys's solutions have helped semiconductor manufacturers and electronics companies design, test, and manufacture microchips for a wide range of products. Headquartered in Mountain View, California, Synopsys is the fifteenth largest software company in the world and currently employs over 9,000 employees worldwide. Synopsys has developed a comprehensive, integrated portfolio of prototyping, IP, implementation, verification, manufacturing, optical, field-programmable gate array, and software quality and security solutions.

COMPLAINT FOR VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT

11. Plaintiff is informed and believes that Agate Logic USA is a company in Silicon Valley, with a mission to enable semiconductor process advances and build real-time re-configurable platforms.

12. Plaintiff is informed and believes that Agate Logic Beijing is an affiliate of Agate Logic USA and engaged in the same mission from China.

13. Synopsys's EDA software applications, including its Design Compiler, HDL Compiler Verilog, DesignWare Library, CustomExplorer, TetraMAX, HSIMplus, HSPICE, Verdi, PrimeTime SI, Synplify Pro and VCS applications, are works subject to copyright protection under Title 17 of the United States Code.

14. Synopsys does not sell ownership rights or copyright or other intellectual property rights to its EDA software and associated services. Instead, Synopsys customers purchase licenses. These licenses grant Synopsys customers limited rights to install Synopsys's EDA software and to access and use specific Synopsys software programs subject to control by Synopsys's License Key system.

15. Synopsys's License Key system is a built-in security system that controls access to its licensed software by requiring a user to access a key code provided by Synopsys when they execute the licensed software. This key code meters the capacity and term of the software in accordance with the license terms.

16. Defendants have never obtained a valid license from Synopsys to access and use the versions of Synopsys's EDA software that are at issue herein.

17. Beginning at a time unknown to Synopsys, Defendants have been using counterfeit keys obtained through hacker websites to circumvent the Synopsys License Key system and access and use Synopsys's EDA software, including at least its Design Compiler, HDL Compiler Verilog, DesignWare Library, CustomExplorer, TetraMAX, HSIMplus, HSPICE, Verdi, PrimeTime SI, Synplify Pro and VCS applications, without a valid license. Defendants knew or had reason to know that their access and use of Synopsys's software was unauthorized and in violation of the DMCA and Synopsys's valuable copyrights. The fact that Defendants were not being required to pay Synopsys a license fee for access and use of the software alone

should have put Defendants on notice that their access and use of Synopsys's software was unauthorized.

18. Upon information and belief, Defendant Agate Logic USA has used a counterfeit key to circumvent the Synopsys License Key access-control system nearly 6,300 times by 17 users on 16 unique machines. Upon information and belief, Defendant Agate Logic USA has used a counterfeit key to circumvent the Synopsys License Key access-control system as recently as February 2, 2016. Agate Logic USA is aware that its use is unauthorized as Synopsys so notified Agate Logic USA's Vice President, Chao Chen. Mr. Chen acknowledged access, claiming that the individual who "brought in the unauthorized Synopsys software and license" had been terminated. Mr. Chen further represented that all unauthorized access and use of Synopsys's software had ceased and would not recur. Synopsys again informed Agate Logic USA and Mr. Chen of continuing unauthorized access and use, and requested a meeting to resolve the matter. Synopsys never received a further response from Agate Logic USA. Agate Logic USA continues to access and use Synopsys's proprietary software without authorization.

19. Upon information and belief, Defendant Agate Logic Beijing has to date used a counterfeit key to circumvent the Synopsys License Key access-control system at least 165,000 times. Upon information and belief, Defendant Agate Logic Beijing has used a counterfeit key to circumvent the Synopsys License Key access-control system as recently as January 18, 2016. Upon information and belief, Agate Logic Beijing continues to access and use Synopsys's proprietary software without authorization.

### FIRST CLAIM FOR RELIEF
### (Against All Defendants for Violations of
### Digital Millennium Copyright Act, 17 U.S.C. § 1201)

20. Synopsys hereby restates and re-alleges the allegations set forth in paragraphs 1 through 19 above and incorporates them by reference.

21. Section 1201(a)(1) provides, in pertinent part, that no person shall circumvent a technological measure that effectively controls access to a work protected under this title.

22. Synopsys's EDA software, including its Design Compiler, HDL Compiler Verilog, DesignWare Library, CustomExplorer, TetraMAX, HSIMplus, HSPICE, Verdi, PrimeTime SI, Synplify Pro and VCS applications, is subject to protection under the copyright laws of the United States.

23. Access to Synopsys's EDA software, including its Design Compiler, HDL Compiler Verilog, DesignWare Library, CustomExplorer, TetraMAX, HSIMplus, HSPICE, Verdi, PrimeTime SI, Synplify Pro and VCS applications, is controlled by technological measures: namely, the Synopsys License Key system.

24. Rather than paying a license to Synopsys for access and use of the EDA software, Defendants used counterfeit license keys that, on information and belief, Defendants knew to be unlicensed and in violation of Synopsys's valuable rights.

25. By using counterfeit license keys, Defendants have circumvented the Synopsys License Key access-control system, and have unlawfully gained access thereby to at least its Design Compiler, HDL Compiler Verilog, DesignWare Library, CustomExplorer, TetraMAX, HSIMplus, HSPICE, Verdi, PrimeTime SI, Synplify Pro and VCS applications.  The conduct described above has cost Synopsys over one million dollars in lost revenue, and constitutes a violation of 17 U.S.C. § 1201.

26. The conduct described above was willful and with knowledge of wrongdoing; an award of statutory damages is necessary to dissuade Defendants and others from the use of counterfeit license keys.

27. Accordingly, pursuant to 17 U.S.C. § 1203, Synopsys is entitled to and hereby demands statutory damages in the maximum amount of $2,500 for each of the violations of the statute.

28. Synopsys is further entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

29. Defendants' conduct, unless enjoined and restrained by the Court, will cause irreparable harm to Synopsys, which has no adequate remedy at law.  Pursuant to 17 U.S.C.

1  § 1203, Synopsys is entitled to a preliminary and permanent injunction prohibiting further
2  violations of § 1201.

3  **PRAYER FOR RELIEF**

4  WHEREFORE, Synopsys prays for judgment against Defendants as follows:

5  A. Entry of judgment in favor of Synopsys against Defendants;

6  B. An order awarding Synopsys statutory and/or actual damages for each instance on
7  which Defendants circumvented measures controlling access to Synopsys's software pursuant to
8  17 U.S.C. § 1203;

9  C. Prejudgment and post-judgment interest;

10 D. An order awarding Synopsys its costs and attorneys' fees pursuant to 17 U.S.C.
11 § 1203;

12 E. An order for an accounting of all gains, profits, cost savings and advantages
13 realized by Defendants from their acts;

14 F. An order preliminarily and permanently enjoining Defendants, their officers,
15 agents, servants, employees, attorneys, and affiliated companies, its assigns and successors in
16 interest, and those persons in active concert or participation with them, from circumventing or
17 aiding and abetting others to circumvent Synopsys's License Key system or other technological
18 measures that control access to Synopsys's works in violation of 17 U.S.C. § 1201; and

19 G. All such further and additional relief, in law or equity, to which Synopsys may be
20 entitled or which the Court deems just and proper.

22 Dated: February 4, 2016                ORRICK, HERRINGTON & SUTCLIFFE LLP

24                                        By: _____/s/ *Denise M. Mingrone*_____
                                               DENISE M. MINGRONE
25                                             Attorneys for Plaintiff
                                               SYNOPSYS, INC.

**DEMAND FOR A JURY TRIAL**

Synopsys demands a jury trial for all issues so triable.

Dated: February 4, 2016                     ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  /s/ *Denise M. Mingrone*
DENISE M. MINGRONE
Attorneys for Plaintiff
SYNOPSYS, INC.